FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 0 7 2009

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
B.F., an infant over the age of
14 years, by her natural guardian and father, **DANIEL J. FROMMELL,** and **DANIEL J. FROMMELL,**

                                Plaintiffs,

  -against-

**21ST CENTURY SHOWS, INC.,**

                                Defendant.
-----------------------------------------------------------------X

**ORDER OF COMPROMISE**

Docket 1:08-cv-01753
(VVP)

Upon reading and filing the ~~annexed~~ petition of **DANIEL J. FROMMELL**, the natural guardian and father of infant plaintiff, **B.F.**, being duly sworn to and verified on the 24th day of September, 2009,[*] the affidavit of the infant plaintiff **B.F.**, sworn to the 24th day of September, 2009; the affidavit of **Wesley M. Serra**, one of the attorneys for the plaintiffs herein, being duly sworn to the 17th day of November, 2009,[**] upon a copy of the medical report of **Arie Fleischer, M.D.**, and the petitioner **DANIEL J. FROMMELL** and the plaintiff **B.F.** having consented to the settlement of the action herein, and the infant-plaintiff and her father having appeared and been examined by the Court on the 1st day of December, 2009, and that the best interests of the said infant plaintiff will be served if her cause of action be settled and compromised, and upon all of the papers, pleadings and proceedings heretofore had herein.

**NOW**, on motion of **IROM, WITTELS, FREUND, BERNE & SERRA, P.C.**, attorneys for the plaintiffs herein, it is

[*] and the Supplemental Affidavit of Daniel J. Frommell, sworn to on December 1, 2009,

[**] and the Supplemental Affidavit of Wesley M. Serra, sworn to on November 24, 2009

**ORDERED**, that **DANIEL J. FROMMELL**, the natural guardian and father of the infant plaintiff herein, **B.F.**, be and she hereby is authorized and empowered to settle the above entitled action of the infant plaintiff against the defendant herein, **21ST CENTURY SHOWS, INC.**, for the sum of $45,000.00 plus $672.62 in agreed-upon costs, and to give a general release and sign all of the papers necessary to accomplish the settlement herein, and it is further

**ORDERED**, that the defendant **21ST CENTURY SHOWS, INC.**, or its insurance carrier, shall pay directly to **IROM, WITTELS, FREUND, BERNE & SERRA, P.C.**, attorneys for the infant plaintiff herein the sum of $14,427.00

as and for their fee which shall be exclusive of all disbursements incurred in the prosecution of the personal injury action of the infant plaintiff **B.F.**, and it is further

**ORDERED**, that the defendant **21ST CENTURY SHOWS INC.**, or its insurance carrier, shall pay directly to **IROM, WITTELS, FREUND, BERNE & SERRA, P.C.**, attorneys for the infant plaintiff herein the sum of $2,391.62

as and for reimbursement, in full, of all disbursements incurred in the prosecution of the personal injury action of the infant plaintiff, and it is further

**ORDERED**, that the defendant **21ST CENTURY SHOWS, INC.**, or its insurance carrier, shall pay the balance of the aforesaid settlement in the sum of $28,854.00

(the sum remaining from the settlement amount plus the agreed costs, after deducting the

above amounts) to and received by **DANIEL J. FROMMELL**, the natural guardian and father of the infant plaintiff **B.F.**, jointly with an officer of the Chase Bank located at 470 13th Ave., Borough of Brooklyn, City and State of New York in an interest bearing account; said funds shall be deposited in the above bank in the name of the said guardian for the sole use and benefit of the infant plaintiff, **B.F.**; in an account paying the highest rate of interest available but without any right of withdrawal therefrom until the infant plaintiff reaches her eighteenth (18th) birthday (February 18, 2011) and that no withdrawals shall be made from the aforesaid account before the infant reaches the age of eighteen (18) years, except upon further **Order** of this Court, and it is further

**ORDERED,** that the said bank shall, upon the infant's demand therefor and without further Court Order, pay over to the said infant, **B.F.**, when she reaches the age of eighteen (18) years, all monies held upon presentation of proper proof of age and in compliance with the bank rules for withdrawal, and it is further

**ORDERED,** that the action of **DANIEL J. FROMMELL,** as natural guardian and father of the infant plaintiff herein, **B.F.,** for personal injuries sustained by said infant plaintiff, **B.F.,** and the action herein of the plaintiff, **DANIEL J. FROMMELL**, for loss of services and medical expenses, against the defendant, 21ST **CENTURY SHOWS, INC.**, be and the same hereby are discontinued with prejudice; and it is further

**ORDERED,** that upon compliance with the terms of this Order, that the plaintiff **DANIEL J. FROMMELL,** as natural guardian and father of the infant plaintiff, **B.F.**, is authorized and empowered to execute and deliver all of the necessary papers, general

releases, affidavits and any and all other instruments necessary to effectuate the settlement of the action herein, and it is further

**ORDERED,** that the filing of a bond be dispensed with.

s/Viktor V. Pohorelsky<br>
United States Magistrate-Judge<br>
December 1, 2009

4